UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THEODORE SMITH,

                                                                             13 CV 2395 (SJ)(RER)

                  Plaintiff,                     **MEMORANDUM**
                                                                              **AND ORDER**

          -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, New York City
Police Office UC C0092, whose name is currently
known, New York City Police Officer Detective
Timothy Erwig, New York City Police Officer
Sergeant Ed Fackler and New York City Police
Officer Detective "John" Stopa, whose first name
is currently unknown,

                                Defendants.
----------------------------------------------------------------X
A P P E A R A N C E S:

THE LAW OFFICES OF DANIEL W. ISAACS, PLLC
305 Broadway, Suite 202
New York, NY 10007
By:    Daniel W. Isaacs
Attorney for Plaintiff

NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, New York 10007
By:    Raju Sundaran
Attorney for Defendants


JOHNSON, Senior District Judge:

       On April 19, 2013 Theodore Smith ("Plaintiff" or "Smith") commenced this

action against New York City Police Department, Police Officer UC C0092,

1

Detective Timothy Erwig, Sergeant Ed Fackler, and Detective "John" Stopa, whose first name is currently unknown (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging false arrest, false imprisonment, illegal search, and a deprivation of his Fourth, Fifth, and Fourteenth Amendment rights. (Compl. ¶¶ 14–31.) Plaintiff filed an amended complaint on September 19, 2013. (See Docket Entry # 9.) Before the Court is the City Defendants' unopposed motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(c) (the "Motion"). For the following reasons, the Motion is GRANTED.

I.  **Background**

The following is a summary of the pertinent facts of record, with the facts alleged in Smith's amended complaint accepted as true and with all reasonable inferences drawn in his favor.

Though sparse, Smith's amended complaint alleges that an undercover officer falsely testified to a grand jury that Smith sold cocaine and heroin to the undercover officer on a number of occasions in July and August of 2011. (Am. Compl. ¶ 13.) Though neither a copy of the indictment nor the arrest warrant were included in the pleadings, the Court takes judicial notice of both, pursuant to Federal Rule of Civil Procedure 201(b)[1] as Plaintiff made direct reference to the

---

[1] Rule 201(b) of the Federal Rules of Evidence permits judicial notice of an adjudicative fact when the fact is: "one not subject to reasonable dispute in that it is either (1) generally known within the

2

indictment in his amended complaint, and court records from the Supreme Court of the State of New York substantiate these facts. Specifically, the Court takes judicial notice that: (1) On October 14, 2011, a grand jury of New York City's Special Narcotics Court issued an indictment against Plaintiff for selling narcotics to an undercover officer (see Grand Jury Indictment, Sundaran Decl., Ex. G); and (2) as a result of this indictment, and pursuant to New York Criminal Procedure Law § 210.10(3), on October 18, 2011, a Clerk of the New York Supreme Court, County of New York, Part 21, issued an arrest warrant for Plaintiff from Criminal Sale of a Controlled Substance under Indictment No. 4883N-2011. (See Arrest Warrant, Sundaran Decl., Ex. H.)

Plaintiff alleges that, on August 10, 2011 at approximately 9:00pm,[2] NYPD officers entered his apartment in Brooklyn, New York. The City counters that records obtained from the NYPD, New York County Criminal Court, and the Special Narcotics Prosecutor's Office indicate that Plaintiff was arrested at approximately 9:10am on October 27, 2011. (Defs.' Mem. of Law at 3 n.1.)

---

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. CIV. PROC. 201(b).

[2] Additionally, regardless of whether Plaintiff's arrest occurred in August as Plaintiff claims or October 27, 2011 as the Government has established, Plaintiff's Notice of Claim was untimely. N.Y. GEN. MUN. LAW §§ 50-e and 50-i. A notice of claim must be filed within 90 days after the incident giving rise to the claim. Here, the Plaintiff filed the Notice of Claim on March 23, 2012, well after the 90 days required by statute. Though "failure to comply . . . ordinarily requires a dismissal for failure to state a cause of action," the Court will nevertheless analyze the sufficiency of the Complaint. Hardy v. New York City Health & Hospitals Corp., 164 F.3d 789, 793 (2d Cir. 1999).

Thereafter, Plaintiff claims that an indictment was issued based on Police Officer UC C0092's "false and malicious testimony" before the Grand Jury. (Am. Compl. ¶ 13.) Smith alleges that he was falsely indicted, illegally detained, and falsely imprisoned without probable cause until he was released on February 23, 2012. (Am. Compl. ¶¶ 15, 21, 26.) As a result, Smith claims that the he was deprived of his Constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. The Complaint does not include any additional details as to the factual circumstances surrounding Smith's arrest and prosecution.

Despite ample opportunity to respond to the City's Motion, Smith has not done so, nor has he communicated in any way with the Court since the Motion was filed. Plaintiff's counsel failed to appear at two status conferences before this Court, on November 26, 2013 and February 14, 2014, and failed to abide by the briefing schedule set by the Court with respect to the Motion. Pursuant to this Court's Order, Plaintiff was to serve his opposition papers no later than January 17, 2014. By Affidavit dated January 28, 2014, the City notified the Court that Plaintiff had been served the City's motion papers on December 20, 2013. (Docket Entry # 22.) On January 28, 2014, the City also informed the Court that Plaintiff failed to serve his opposition papers. (Docket Entry # 18.) To date, Plaintiff has not responded to the motion. On September 8, 2014 this Court issued an Order to Show Cause, ordering Plaintiff and Plaintiff's Counsel to show cause as to why the City's Motion to Dismiss should not be granted. Plaintiff's Counsel appeared on

September 23, 2014 and indicated, rather than arguing in opposition to the Motion, that Plaintiff would be filing a Stipulation of Dismissal no later than September 29, 2014. To date, he has still failed to do so. However, failure to oppose a motion to dismiss does not warrant dismissal if the complaint is sufficient to state a claim on which relief can be granted. McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). The Court thus considers whether the Complaint is sufficient to state a claim.

## II. Legal Standard

### a. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews Rule 12(c) motions for judgment on the pleadings under the same standard as Rule 12(b)(6) motions to dismiss. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). Therefore, "[t]o survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)). Even where, as here, a motion for judgment on the pleadings is unopposed, " '[w]here . . . the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint.'" Pataki, 232 F.3d at 322 (quoting Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983)).

In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency. . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Id. Accordingly, the Court must review the Complaint to determine whether Plaintiff has carried his burden.

In their Rule 12(c) motion, Defendants argue that Plaintiff fails to state a claim for false arrest, unlawful search, and all other constitutional violations. When deciding a motion on the pleadings, the court must confine its consideration to the pleadings and their attachments, to "documents . . . incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

b. **Section 1983 Claims**

In order to state a claim for relief under § 1983, Plaintiff "must allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Therefore, a plaintiff seeking to plead under § 1983 must offer factual

information demonstrating that he or she was actually deprived of a constitutional right in order to survive a Rule 12(c) motion to dismiss. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (holding that "the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims"). The statute itself "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (citations omitted). Thus, the "first step" in analyzing such a claim "is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 270 (1994) (citations omitted). A plaintiff must also plead the personal involvement of defendants in the alleged constitutional violation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

### III. Discussion

#### a. False Arrest

In his second and third cause of action, Smith brings false arrest and false imprisonment claims against the Defendants for arresting and imprisoning him without probable cause. (Am. Compl. ¶ 20.) Although Plaintiff purports to assert false arrest and false imprisonment as two independent causes of action, false arrest is considered a kind of false imprisonment, and the claims are analyzed in an identical fashion. See, e.g., Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (describing false arrest claim as type of false imprisonment claim and

stating that claims are analyzed identically), cert. denied, 517 U.S. 1189 (1996); Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996). A § 1983 claim for false arrest, which derives from the Fourth Amendment guarantee against unreasonable seizure, "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996) (citations omitted).

To establish a claim of false arrest pursuant to § 1983, a plaintiff must plead that (1) he was intentionally confined by defendants; (2) he was aware of that confinement; (3) he did not consent to that confinement; and (4) the confinement was not justified or privileged. See Savino v. City of N.Y., 331 F.3d 63, 75 (2d Cir. 2003) (acknowledging that "liability for false arrest also gives rise to liability under 42 U.S.C. § 1983"). Probable cause is a complete defense to claims for false arrest. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

As discussed, the Court has taken judicial notice that an indictment and subsequent arrest warrant were issued against Smith. Where an arrest is made pursuant to a warrant, a plaintiff cannot make the essential showing that defendant confined him without justification; thus, there can be no claim for false arrest under § 1983. See, e.g., Jones v. Trump, 971 F.Supp. 783, 788–89 (S.D.N.Y. 1997) (citing Singer, 63 F.3d at 118–19). Because Smith was arrested pursuant to a warrant, his confinement was justified, and he cannot state a claim for false arrest. See, e.g., Little v. City of New York, 487 F.Supp.2d 426, 439 (S.D.N.Y. 2007) (dismissing plaintiff's false arrest claim because arrest was effected pursuant to a

warrant). Thus, the Plaintiff's false arrest/ false imprisonment claims are DISMISSED.

### b. Illegal Search Claim

Smith also brings a § 1983 claim against the Defendants for illegal search in violation of the Fourth Amendment as the first cause of action, asserting that he did not consent to the search of his person, thus rendering the search illegal. (Am. Compl. ¶¶ 15–16.)

Here, Plaintiff's conclusory assertions "cannot substitute for minimally sufficient factual allegations." Paycom Billing Servs., Inc. v. Mastercard Int'l, Inc., 467 F.3d 283, 289 (2d Cir. 2006) (internal quotation marks omitted). The Court, supra, determined that the Plaintiff was lawfully arrested. A warrantless search of a person conducted incident to a lawful arrest does not violate the Fourth Amendment. United States v. Robinson, 414 U.S. 218, 230–34 (1973). Plaintiff failed to plead any additional factual circumstances surrounding the alleged illegality of the search.

As Plaintiff was lawfully arrested pursuant to a search warrant, he was also lawfully searched pursuant to his arrest. As such, the claim must be DISMISSED.

### c. Malicious Prosecution

Plaintiff claims that an undercover officer acted with malice and falsely testified before a Grand Jury, ultimately leading to his malicious prosecution. (Am. Compl. ¶¶ 31, 33.) Absent such false testimony, Plaintiff claims the Defendants lacked probable cause to believe a criminal prosecution could succeed. (Id. ¶ 32.)

To establish a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for the proceeding; and (4) actual malice as a motivation." Drummond v. Castro, 522 F.Supp.2d 667, 677 (S.D.N.Y. 2007) (citing Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)).

However, trial witnesses, including police officers, have absolute immunity with respect to any 42 U.S.C. § 1983 claims arising from Grand Jury testimony, even if such testimony was perjured. Briscoe v. LaHue, 460 U.S. 325, 335–36 (1983) (affirming dismissal of § 1983 claims arising from officers' perjured testimony during criminal trial). In Rehberg, the Supreme Court clarified that "a grand jury witness [also] has absolute immunity from any § 1983 claim based on the witness' testimony." 132 S.Ct. at 1506 (emphasis added); see Jovanovic v. City of New York, 486 Fed.Appx. 149, 152 (2d Cir. 2012) (summary order) (noting that Rehberg extends Briscoe's absolute immunity from § 1983 claims to grand jury testimony).

10

Here, Plaintiff's only claim is that the undercover officer "falsely" testified, leading to the indictment which caused him to be "falsely arrested." (Am. Compl. ¶ 31.) Because the undercover officer has absolute immunity, the claims against him must be DISMISSED.

IV. **Remaining Claims**

The Court has considered the remaining arguments and finds that they are without merit.

V. **Conclusion**

In reviewing the complaint, and assuming the truth of the factual allegations, Plaintiff has still failed to state a claim upon which relief may be granted. His conclusory pleadings are devoid of factual allegations that establish his alleged false arrest, false imprisonment, unlawful search, or malicious prosecution. For the reasons stated above, and in Defendant's Memorandum of Law, the Motion Dismiss is hereby GRANTED. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: September 30, 2014 _____/s/_____
       Brooklyn, New York               Sterling Johnson, Jr. U.S.D.J.